UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 8:23-cr-139-WFJ-SPF

CHRISTOPHER LEE THOMPSON

**SENTENCING MEMORANDUM**

The United States files this sentencing memorandum requesting that this Court sentence the Defendant, Christopher Lee Thompson ("Thompson"), to a high-end guidelines sentence of 720 months imprisonment, with the mandatory minimum sentence of 15 years per count consecutive, followed by a lifetime term of supervised release. In support thereof, the United States submits as follows:

I.   **Background**

On April 24, 2022, five-year-old L.L. disclosed to her mother that Thompson removed her clothing, placed his genitals upon her vagina, and licked her vagina with his tongue. This information was confirmed during a forensic interview of L.L. Based on L.L.'s disclosure, the Manatee County Sheriff's Office secured and executed a residential search warrant on Thompson's residence on April 25, 2022. Law enforcement recovered the following items that contained child sexual abuse material: Samsung Galaxy S21 phone, Black LG Verizon V10 phone, Black WD External HDD, a box of DVDs, and 128 GB Micro SD Card. Overall, Thompson

possessed nearly 20,000 images and videos of child sexual abuse material across the seized electronic devices.

Among the identifiable NCMEC series, law enforcement found various photos and videos of child sexual abuse that Thompson produced of new victims.

On February 12, 2022, Thompson produced 21 child sexual abuse images of O.J., who was approximately 13 years old at the time. O.J. was wearing tight-fitting camouflaged shorts and was leaning on the back of a couch in Thompson's living room. Thompson took photos zoomed in on O.J.'s buttocks with his erect penis in close proximity and lightly touching O.J.'s clothed buttocks. One image shows a wet area of O.J.'s shorts where Thompson's penis touched her shorts. O.J. appears to be unaware of what was occurring. Thompson engaged in this behavior while Thompson's children and O.J. were spending time together in Thompson's living room.

On February 19, 2022, Thompson produced one child sexual abuse image of C.C., who was approximately 8 years old at the time. C.C. spent the night at Thompson's residence. Thompson took a photo of C.C.'s buttocks, which was clothed with dark blue underwear bearing the words "BE yourself". Thompson's erect penis was close in proximity to C.C.'s underwear. C.C. was covered by an off-white colored blanket that was pulled back to expose C.C.'s clothed buttocks. C.C. appeared to be asleep/unaware of what was occurring. C.C.'s younger sister, A.C., also informed law enforcement that Thompson asked A.C. to watch television in bed

2

and proceeded to touch her buttocks over her underwear. A.C. was approximately 7 years old at the time.

On November 27, 2022, Thompson produced various child sexual abuse videos of A.H., who was approximately 10 years old at the time. Thompson had access to A.H. through relatives. One video is 1 minute and 41 seconds in length and begins with an erect penis pressed against the vaginal area of A.H.'s underwear. Another video is 3 minutes and 7 seconds in length and shows a red and blue plaid blanket. The video depicts A.H.'s bent legs and the focus of the camera was on her gray in color underwear with yellow trim. Thompson's hand, on which he's wearing his wedding ring, was seen attempting to pull back the underwear of A.H., but she flinched and he moved his hand away. The video went dark before panning back to the vaginal area of the underwear. Thompson's hand moved A.H.'s underwear to the side to expose A.H.'s vaginal and anus area to the camera. A.H. appeared to be asleep/unaware of what is occurring. Thompson then penetrated A.H.'s vaginal area with his finger. A.H. moves and Thompson pulled away quickly. Thompson's heavy breathing was audible in the video. Anther video is 1 minute and 6 seconds in length and depicted A.H. lying on her stomach while Thompson pressed his erect penis on her anus area.

Thompson also produced various voyeurism videos of minor children he had access to. This occurred at birthday parties at friends' houses or third-party locations, all unbeknownst to the child. Thompson took various photos and videos zoomed up young female's shorts, focusing on the female's underwear.

## II. Presentence Investigation Report

On June 14, 2024, the United States Probation Office issued its Final Presentence Investigation Report (PSR). Doc. 51. Based upon a total offense level of 42 and a criminal history category of I, the guideline imprisonment range is 360 months to life. PSR ¶ 94. However, the statutorily authorized maximum sentence of 720 months is less than the maximum applicable guideline range; therefore, Thompson's guideline range for the underlying offense is 360 months to 720 months. *Id.*; USSG § 5G1.2(b) and (d). Thompson's applicable period of supervised release is five years to life per count. PSR ¶ 97.

## III. Argument for 720 Months' Imprisonment

A guidelines sentence of 720 months imprisonment, with the 15-year mandatory minimum sentence per count consecutive, followed by a lifetime of supervised release, is necessary due to the history and characteristics of Thompson, and both for deterrence of these crimes and for the protection of the public against him. *See* 18 U.S.C. § 3553(a). The United States recognizes that a sentencing court may not presume that a sentence within the advisory guideline range is reasonable; however, the guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Section 3553(a)(1) provides that, in determining a sentence, courts must

consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). A consideration of those factors warrants a guidelines sentence.

### A. Nature and Circumstances of the Offenses

The nature and circumstances of Thompson's offenses are abhorrent and detrimental to victims of child exploitation. Thompson's conduct represents a genuine callousness towards the victims of child exploitation and strongly display his extreme sexual deviance. Thompson is truly a predator. He shattered the innocence of many children who were simply existing near him. Thompson took advantage of one victim who he had access to because of shared relatives. Another victim was subject to Thompson's abuse because the victim was a friend of one of Thompson's children and spent the night at Thompson's house. Thompson victimized another child who was over at his house to spend time with his children. Other victims of Thompson's were out in public places, with their parents, while Thompson created voyeurism images and videos of the children.

Thompson transformed what should be viewed as innocent and safe places for children, such as a friend's house or a birthday party, into places of sexual abuse. His

5

creation of child sexual abuse material of children sleeping or playing in his vicinity clearly depicts his sexual deviance towards children in direct contrast with societal norms. Thompson preyed upon children, some of whom were the same age as his own children. He exploited the trusted relationship he had with each child and their parents to satisfy his sexual desire towards children. Thompson's behavior towards the children victims in this case shows his dangerousness to the physical and mental well-being of children in society. At least two of the victims' parents will share a statement with this Court at the sentencing hearing to further reflect upon the irreparable harm Thompson inflicted upon their families.

The facts of this case and Thompson's conduct demand a guidelines sentence of 720 months imprisonment. Thompson demonstrated a pattern of violating the law to fulfil his deviant sexual proclivity to children, sexually abusing and emotionally scarring the children and their families for a lifetime.

### B. History and Characteristics of the Defendant

Thompson's history and characteristics also weigh in favor of a high-end guidelines sentence. Thompson's criminal history, including his current pending charges, represent a man who is a danger to the safety of children in society and a clear disregard for the law.

Thompson has been entangled in sexual-in-nature allegations dating back nearly two decades. In 2007, an allegation was made by five children that a male exposed his penis to them in a local Walmart and ran away. Based on a press release, Thompson's future father-in-law believed it to be Thompson and reported the

6

incident to Thompson's fiancé. Thompson's fiancé admitted the male appeared to be Thompson and they were in the location at the time. Law enforcement was unable to reach most of the children to complete a line-up and charges were never filed accordingly.

From December 2008 to February 2009, a Target store manager and loss prevention officer viewed Thompson looking at young girls in a suspicious manner, specifically following a young girl while she was alone, concealing himself behind a shelf, and ducking down while maintaining a view of the young girl. Thompson was given a trespass warning.

As a result of the initial disclosure from five-year-old L.L., the State Attorney's Office in Manatee County has filed formal charges against Thompson for Sexual Battery by Person 18 Years of Age or Older Upon a Child (2022-CF-1128). Thompson is also charged with Video Voyeurism (2022-CF-1302) for secretly recording a child victim without their knowledge at a birthday party. Thompson is charged with Attempted Lewd or Lascivious Molestation by Person 18 years or Older; Video Voyeurism; and Lewd or Lascivious Molestation by Person 18 Years or Older (2022-CF-1303) for his hands-on sexual abuse of A.C. Lastly, Thompson is charged with Lewd or Lascivious Molestation by Person 18 Years or Older (2022-CF-1305) for his hands-on sexual abuse of O.J.

A sentence of 720 months imprisonment is necessary to restore public confidence and respect for our laws while also addressing Thompson's continuous exploitive behavior. Thompson has shown a repeated pattern of being a true danger

7

to children in society and his sentence of incarceration must reflect the seriousness of his behavior and threat to the safety of children.

### C. Seriousness of the Crime, Promoting Respect for the Law, and the Need for Just Punishment

As the Eleventh Circuit explained in *United States v. Irey*: "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." 612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813 (2011). "Child sex crimes are among the most egregious and despicable of societal and criminal offenses…" *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable). Congress has expounded that the "just desserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct," as well as the "harm done or threatened by the offense." S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59. Because "[t]he seriousness of the crime varies directly with the harm it causes or threatens…" this Court should impose the guidelines sentence. *See Irey*, 612 F.3d at 1206.

Thompson's conduct shows he has no respect for the law. He took advantage of and sexually exploited children he had access to because of familial relationships, including those who were friends with his own children. He has inflicted trauma on these children, as well as their families, that will last a lifetime. The only way to promote respect for the laws of this country and help restore confidence is to sentence Thompson to 720 months imprisonment.

8

Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *See id*.

The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class…" *Smith v. Doe*, 538 U.S. 84, 103 (2003). Thompson fits well within that class. His pattern of sexual exploitation of minors evidences a high probability of recidivism. *See, e.g.*, *United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008) ("sex offenders have appalling rates of recidivism and their crimes are under-reported."); *United States v. Allison*, 447 F.3d 402, 405–06 (5th Cir. 2006) ("Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders."). A strong need exists to protect children in the community from Thompson.

## IV. Conclusion

Thompson's freedom and autonomy are wholly incompatible with the safety of children in our community. A guidelines sentence of 720 months imprisonment, with the mandatory minimum sentence of 15 years per count consecutive, followed by a lifetime period of supervised release, is required to reflect the seriousness of Thompson's crimes, provide just punishment for those crimes, protect the children in the community, and promote respect for the law.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/ Abigail K. King*
Abigail K. King
Assistant United States Attorney
Florida Bar No. 294963
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602
Phone: (813) 274-6000
Fax: (813) 274-6103
Email: Abigail.King@usdoj.gov

U.S. v. Thompson                                    Case No. 8:23-cr-139-WFJ-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Adam Allen, Esq.

                                                    */s/ Abigail K. King*
                                                   Abigail K. King
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602
Phone: (813) 274-6000
Fax: (813) 274-6103
Email: Abigail.King@usdoj.gov